UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO,          )<br>                              )<br>         Appellant,           )<br>   vs.                       )<br>                              )<br>RICK A. YARNALL, as Chapter 13 )<br>Bankruptcy Trustee; U.S. BANK, N.A., )<br>                              )<br>         Appellants.          ) | Case No.: 2:19-cv-02106-GMN<br>Bankr. Case No. 19-15590-BTB<br><br>**ORDER** |

Appellant Fidel H. Pajarillo ("Pajarillo") appeals from the Final Order of the United States Bankruptcy Court for the District of Nevada in case number 19-15590-BTB, which granted the Bankruptcy Trustee, Rick A. Yarnall's (the "Trustee's") Motion to Dismiss with Prejudice for Bad Faith (the "Motion to Dismiss"). Pajarillo filed an Opening Brief, (ECF No. 8), the Trustee filed an Answering Brief, (ECF No. 14), and Pajarillo filed a Reply Brief, (ECF No. 15). For the reasons discussed below, this Court **AFFIRMS** the Bankruptcy Court's Order.

**I.     BACKGROUND**

This appeal arises from the Bankruptcy Court's dismissal of the underlying case after granting the Trustee's Motion to Dismiss. The Bankruptcy Court granted the Motion following briefing and a hearing. (*See* Briefs and Notice of Hearing, Exs. 4–7, 9 to Excerpts of Record, ECF No. 10); (Order and Transcript, Exs. 10–11 to Excerpts of Record).

Pajarillo initiated the underlying bankruptcy case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 29, 2019. (*See* Bankr. Pet., Ex. 1 to Excerpts of Record, ECF No. 10-1). Pajarillo filed the Petition just five days before U.S. Bank National Association, as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust 2006-1 Mortgage Loan Pass-Through Certificates Series 2006-1 ("U.S. Bank's")

scheduled foreclosure sale on Pajarillo's primary residence located at 6706 Zephyr Wind Avenue, Las Vegas, Nevada 89139 (the "Property"). (*See* Notice of Trustee Sale, Ex. 5 to Excerpts of Record at 96, ECF No. 10-5).   In his first proposed Chapter 13 Plan, Pajarillo offered to pay U.S. Bank sixty monthly payments of $400.00 per month, but he did not offer to cure pre-petition mortgage arrearage or ongoing mortgage liability. (*See* Chapter 13 Plan, Ex. 3 to Excerpts of Record, ECF No. 10-3).  U.S. Bank filed an Objection, arguing it was entitled to the arrear payments under its security interest encumbering the Property, which totaled $523,788.06. (Obj., Ex. 8 to Excerpts of Record, ECF No. 10-8).

Prior to U.S. Bank's Objection, the Trustee filed the Motion to Dismiss because of defects in Pajarillo's filings and his past misuse of bankruptcy process. (*See* Mot. Dismiss ("MTD"), Ex. 4 to Excerpts of Record, ECF No. 10-4).  Pajarillo first initiated bankruptcy proceedings in a Chapter 13 case in 2008 when he began to accrue significant mortgage delinquency on the Property. (*See id.* at 74) (citing Case No. 08-23399-MKN).  The bankruptcy court dismissed the case after Pajarillo failed to make payments under his proposed Chapter 13 plan. (*Id.*).  Pajarillo then filed another bankruptcy case in 2011 after accruing further mortgage delinquency. (*Id.*) (citing Case No. 11-28697-BAM).  The Bankruptcy Court dismissed the case for Parajillo's failure to appear at his ordered meeting with creditors, in addition to his plan payment delinquency and failure to resolve the trustee's opposition to his proposed plan. (*Id.* at 75).  In 2013, Pajarillo filed another bankruptcy case, this time under Chapter 7 of the Bankruptcy Code. (*Id.* at 76) (citing Case No. 13-12137-BTB).  Pajarillo was ultimately discharged, but the discharge was revoked after Pajarillo failed to surrender non-exempt property of the bankruptcy estate. (*Id.*).

Parajillo's bankruptcy activity recommenced after U.S. Bank recorded a Notice of Trustee's Sale on the Property.  Pajarillo filed a Chapter 13 case, distinct from the underlying case in this appeal, fifteen days prior to the scheduled foreclosure sale. (*Id.*) (citing Case No.

19-10388-BTB).  Five days before the sale, he filed the case presently on appeal. (*See id.* at 77).  In the Petition, several of the required schedules were either missing or left incomplete. (*Id.*).  In its Proof of Claim on the Property, U.S. Bank noted a security interest of $1,018,960.37 with a balance of $491,713.35 required to cure the default as of the Petition date. (*See id.*).  Pajarillo proposed a second Chapter 13 Plan, under which he would pay $300.00 per month to the Trustee for sixty months; however, for the total amount paid, he wrote "TBD." (*Id.*).  In the proposed plan, Pajarillo also revised the payment to U.S. Bank's servicer as "N/A." (*Id.*).

U.S. Bank then filed a Motion for Relief from the Automatic Stay. (*See id.*).  The Bankruptcy Court granted the Motion, and Pajarillo appealed. (*See id.*).  Then the Bankruptcy Court denied Pajarillo's confirmation plan, which Pajarillo also appealed. (*See id.*).  Pajarillo did not file another proposed plan, and the Trustee filed the Motion to Dismiss. (*Id.*); (MTD, Ex. 4 to Excerpts of Record).  The Bankruptcy Court granted the Motion, and this appeal followed. (Order and Hearing Transcript, Exs. 10–11 to Excerpts of Record).

## II.   STANDARD OF REVIEW

This Court reviews a bankruptcy court's dismissal of a Chapter 13 case for abuse of discretion. *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999).  The Court reviews bankruptcy court's findings of bad faith for clear error. *In re Ellsworth*, 455 B.R. 904, 914 (9th Cir. B.A.P. 2011).  A bankruptcy court's compliance with due process principles is reviewed *de novo*. *Molski v. Gleich*, 318 F.3d 937, 951 (9th Cir. 2003).

## III.   DISCUSSION

Pajarillo argues that the Bankruptcy Court committed reversible error by: (1) dismissing his underlying bankruptcy case; (2) barring him from filing in bankruptcy for two years after finding he acted in bad faith; and (3) failing to provide him meaningful due process. (Op. Br. at 2, ECF No. 8).  The Court addresses each contention below.

A.     **Dismissal**

Pajarillo argues that the Bankruptcy Court erred by addressing a different, previously filed bankruptcy case[1] at the same time as it dismissed the underlying case in this appeal. (Op. Br. at 4–6). Pajarillo argues the Bankruptcy Court erred because it lacked jurisdiction over the earlier case since Pajarillo had filed an appeal therein. (*Id.*).

Even if the Court were to assume the Bankruptcy Court lacked jurisdiction over the earlier-filed case, the Court's absence of jurisdiction over that case would have no bearing on this appeal. Error, if any, would concern the case for which the Bankruptcy Court lacked jurisdiction, but not the present case. Pajarillo has not explained how the Bankruptcy Court's management of its own docket by addressing two related cases in one hearing demonstrates an abuse of discretion.

Assuming Pajarillo's interim appeals in this case or a related case had any effect on the Bankruptcy Court's jurisdiction over the underlying case, the Bankruptcy Court did not abuse its discretion by dismissing the case. An appeal only divests Bankruptcy Courts of jurisdiction over matters appealed. *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."). In this case, Pajarillo's appeals concerned interim orders granting U.S. Bank relief from the automatic stay and denying Pajarillo's proposed confirmation plan. (*See* MTD at 77, Ex. 4 to Excerpts of Record). Neither appeal implicated the propriety of Pajarillo's conduct before the Bankruptcy Court. Therefore, the Bankruptcy Court retained jurisdiction over whether Pajarillo's case should be dismissed for

---

[1] It is unclear the case Pajarillo is referring to. On page five of his Opening Brief, he highlights case no. 19-10388, the earlier-filed case concerning the Property. On the following page, he cites case no. 19-01020. However, given that neither implicates the Bankruptcy Court's jurisdiction over *this* case, the distinction is immaterial. A search for cases associated with Pajarillo in Nevada Bankruptcy Court only reveals the former case number, but not the latter. The latter was initiated by another debtor, Kenneth Partridge, who has no apparent relationship to Pajarillo.

his continued bad faith, and the Bankruptcy Court did not abuse its discretion by entering the final order of dismissal in the underlying case.

### B. Filing Bar

Pajarillo argues that the Bankruptcy Court erred by barring him from filing in bankruptcy for a two-year period. (Op. Br. at 6–8). He contends that 11 U.S.C. § 1307(c), the statute the Trustee relied upon in filing his Motion to Dismiss, does not authorize a filing bar for bad faith conduct. (*Id.* at 6–7). He therefore concludes that he has an absolute right to avail himself of the Bankruptcy Code's automatic stay. (*Id.* at 7–8).

First, the Bankruptcy Court did not err by concluding Pajarillo acted in bad faith. A bankruptcy court may dismiss a case with prejudice for bad faith conduct under 11 U.S.C. § 1307(c) after notice and a hearing. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) ("We hold that bad faith is 'cause' for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c)." To determine whether the dismissal is warranted, bankruptcy courts review the totality of the circumstances. *See in re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). In their analysis, bankruptcy courts are to assess:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*In re Leavitt*, 171 F.3d at 1223–25 (internal quotations, modifications, and citations omitted). Here, the Bankruptcy Court found the Pajarillo initiated multiple bankruptcy cases only to delay foreclosure on the Property instead of dealing with his financial issues, and he has repeatedly accused of lying against his creditor without proof. (Transcript at 19:14–24, Ex. 11 to Excerpts of Record). The Bankruptcy Court's analysis supports a finding of bad faith under the *Leavitt* factors, and this Court finds no error in the analysis.

     The Bankruptcy Court's finding of bad faith enabled it to bar Pajarillo from future filings for two years. Under 11 U.S.C. § 109(g), a bankruptcy court may prevent a person from being a debtor in bankruptcy if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." A debtor's willful bad faith conduct "not only constitutes grounds for dismissal [under] 11 U.S.C. § 1307(c)(4), but also constitutes 'willful failure to appear' before the Court in proper prosecution of the case within the meaning of 11 U.S.C. § 109(g)." *In re Youngblood*, No. 10-62129-B-13, 2011 Bankr. LEXIS 5587, 2011 WL 10653864, at *2 (E.D. Cal. Bankr. Jan. 29, 2011). Dismissal with prejudice for bad faith may be accompanied by a two-year bar on future filings. *Id.* (collecting cases). Therefore, after making its finding of bad faith, the Bankruptcy Court did not err by imposing a two-year bankruptcy filing bar on Pajarillo.

     **C.    Due Process**

     Pajarillo contends that he was deprived of a meaningful opportunity to be heard because his case was "abruptly terminated" at the hearing. (Op. Br. at 9). His brief cites an exchange at the conclusion of the hearing when, after the Bankruptcy Court asked if he had "anything further," Pajarillo responded "[t]hat's all, Your Honor." (*Id.*). Then, the court invited Pajarillo to have a seat before making its ruling. (*Id.*). Pajarillo infers, "[i]t was [] clear to me Judge Beesley had no interest in actually reading my documents filed with the court and served on my adversaries." (*Id.*). The assertion, coupled with Pajarillo's failure to show a defect in the Bankruptcy Court's reasoning, fails to show a deprivation of due process. There are no indicia that Pajarillo was deprived of notice of the Trustee's Motion to Dismiss or an opportunity to be heard in response to the Motion. Therefore, the Court finds that the Bankruptcy Court afforded Pajarillo constitutionally adequate process.

//

//

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Court **AFFIRMS** the Order of the Bankruptcy Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this Order to the United States Bankruptcy Court for the District of Nevada.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this  24  day of March, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT